UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PHILIP CHARVAT and KEN JOHANSEN, )
individually and on behalf of a class of all )
persons and entities similarly situated, )
                                                                                   )
            Plaintiffs, )
)
vs.                                     )     Case No. 15-CV-43
)
NATIONAL GUARDIAN LIFE )
INSURANCE COMPANY, )
)
            Defendant. )
)
                                                                  )

## STIPULATED PROTECTIVE ORDER

WHEREAS, the plaintiffs and defendant National Guardian Life Insurance Company ("NGL") have jointly moved for entry of a protective order; and

WHEREAS, the parties agree and represent to the Court that there is good cause for entry of a protective order in this case because certain documents and information that will be subject to discovery in this case and may be referenced or contained in filings with the Court contain proprietary, private or otherwise confidential information, including, but not limited to, the following:

1) Personal identifying information concerning NGL customers or employees, including names, addresses, telephone numbers, and information about any insurance products or private employment information; and

2) Proprietary information regarding NGL product offerings, pricing, or internal operating procedures, disclosure of which to competitors would be harmful to NGL;

3) Confidential information regarding claims asserted against NGL; and

4) Personal information concerning the plaintiffs, including addresses, telephone numbers, or other personal identifying information.

WHEREAS, in the ordinary course of their respective businesses and personal activities the parties make significant efforts to keep such information confidential from third parties, including competitors, customers and the public at large, as disclosure of such information would impair its value, place a party at a competitive disadvantage, or invade the privacy of a party or third party; and

WHEREAS, the exchange of such information between the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties and to others; and

WHEREAS, the Court finds that the terms of this Order are fair and just and that good cause has been shown for entry of this Order;

It is therefore ORDERED as follows:

I. **NATURE OF INFORMATION AND MATERIALS PROTECTED**

1. *Applicability.* The confidentiality provisions of this Order shall apply to all depositions, productions of documents, answers to interrogatories, responses to requests for admissions, and all other discovery and disclosures taken or made pursuant to the Federal Rules of Civil Procedure, and any other information that a producing party may designate as confidential in connection with this action.

2. *"Confidential Information"* includes information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, or information revealed in

response to written discovery requests, that contains (a) trade secrets; (b) competitively sensitive technical, design, manufacturing, testing, marketing, financial, pricing, sales, service, warranty, customer or other confidential or proprietary business information; and/or (c) private or confidential personal information. The term "Confidential Information" includes copies of Confidential Information and any information contained in Confidential Information.

    3.    *Exceptions to confidential status.* Information will not be deemed confidential and protected, and the parties shall use reasonable efforts to ensure that information is not designated as such, if the content:

    (a)    is at the time of production or disclosure, or subsequently becomes, through no intentional, wrongful, or negligent act or failure to act on the part of the receiving party, generally available to the public through publication or otherwise; or

    (b)    is disclosed to the receiving party by a third party without breach of an obligation of confidence to the producing party.

## II. RESTRICTIONS ON ACCESS TO CONFIDENTIAL INFORMATION

    4.    Information designated "CONFIDENTIAL" may be disclosed only to the following individuals under the following conditions:

    i    Outside counsel (herein defined as any attorney at the Parties' outside law firms appearing in this action) and relevant in-house counsel for the parties;

    ii.    Outside experts or consultants retained by outside counsel or by one of the parties for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    iii.    Secretarial, paralegal, clerical, duplicating and data processing personnel of any individual identified in subparagraphs (i) or (ii), above;

    iv.    The Court and court personnel;

    v.    Any deponent, declarant, or witness giving sworn testimony in the above-captioned action, if such individual: (a) authored or was an original

recipient of a copy of the document, information, or thing designated as Confidential Information, (b) was involved in the subject matter described therein, (c) is employed by the producing party, or (d) is an individual to whom the producing party consents in writing that the Confidential Information be disclosed;

  vi. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, including, but not limited to, vendors retained in relation to the handling, imaging, or processing of documents or electronically stored information, photocopy vendors, court reporters, litigation support personnel, jury consultants, individuals or entities retained to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, and other employees whose duties and responsibilities require access to such materials; and

  vii. The parties, which, in the case of parties that are corporations or other business entities, shall mean executives or others who are required to participate in decisions relating to this lawsuit.

  5. *Confidential Information of nonparties.* In the event that discovery is sought from a nonparty to this action, the nonparty may designate information or documents it produces as "CONFIDENTIAL" in accordance with this Order, and such information or documents shall be subject to the provisions of this Order.

  6. *Disclosure to certain persons.* Nothing in this order shall preclude any party or their attorneys from showing material designated "CONFIDENTIAL" to an individual who created or prepared the document, or who reviewed or received the document at any time prior to the entry of this Order.

### III. DESIGNATION AND LABELING OF CONFIDENTIAL INFORMATION

  7. *Labeling of documents.* Confidential Information that is in documentary or other tangible form shall be marked "CONFIDENTIAL" by the producing party, prior to its production, to reflect that designation.

  8. *Preliminary designation of documents being inspected.* If a producing party elects to produce documents for inspection, it need not mark any such documents

"CONFIDENTIAL" in advance of the initial inspection. For purposes of the initial inspection, all produced documents will be considered as having been marked "CONFIDENTIAL." Thereafter, if any of the documents selected for copying contain confidential information, the producing party shall mark either the original or the copies of such documents "CONFIDENTIAL" at the time the copies are produced to the inspecting party.

9. *Challenges to "Confidential" designations.* A party shall not be obligated to challenge the propriety of a designation of material as "CONFIDENTIAL" at the time the designation is made, and failure to do so shall not preclude a subsequent challenge. If any party objects at any stage of the proceedings to such a designation, that party shall provide to the designating party written notice of its disagreement. Within 14 days of the designating party's receipt of such written notice, the parties shall meet and confer to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the proponent of the designation being challenged shall present the dispute to the Court. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

10. *Procedure for deposition testimony.* The following procedures shall be followed if Confidential Information of a producing party is discussed or disclosed in a deposition:

(a) The Confidential Information shall be designated as "CONFIDENTIAL" at the request of counsel for the producing party (or, if the producing party is a nonparty and is not represented at the deposition, at the request of that nonparty).

(b) If a request under subparagraph (a) is made on the record during the deposition, the reporter shall indicate on the cover page of the transcript that the

transcript contains "CONFIDENTIAL" information and shall identify the pages and line numbers of the transcript on which the testimony designated "CONFIDENTIAL" appears.

(c) Alternatively, a request under subparagraph (a) may be made in writing within fourteen (14) days after the requesting counsel receives a copy of the official transcript of the deposition. The request shall specify the pages and lines of the transcript that are to be designated as containing Confidential Information. The court reporter shall then mark the transcript accordingly.

(d) During the fourteen-day period described in subparagraph (c), or until the designating party makes a written request within that fourteen-day period, the entire deposition transcript shall be treated as Confidential Information having the designation "CONFIDENTIAL." During this time, no such deposition transcript shall be disclosed other than as allowed in Paragraphs 4 and 6 of this Order.

11. *Inadvertent production.* If a party inadvertently produces a document containing Confidential Information without designating it "CONFIDENTIAL," the producing party may later designate it "CONFIDENTIAL" by providing written notice to the receiving party promptly after discovery of the inadvertent production of the document. If a party inadvertently produces a document containing information protected by the attorney-client privilege or the work product doctrine, (a) the receiving party shall immediately return or destroy all copies of the inadvertently produced document upon notice from the producing party of the inadvertent production, and shall confirm to the producing party that it has done so, and (b) if the receiving party recognizes that a privileged or work product document has been produced it shall

immediately advise the producing party and return or destroy all copies of the document, without waiting for notice from the producing party.

## IV. FILING CONFIDENTIAL INFORMATION WITH THE COURT

12. *Filing under seal.* Parties filing documents with the Court that contain information or documents designated "CONFIDENTIAL" shall comply with the requirements of Western District of Wisconsin Administrative Order No. 311. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony designated "CONFIDENTIAL" that are so filed in this case.

13. *Use of information in court proceedings.* Any receiving party that knows that it intends to present Confidential Information of another party at trial or during any hearing shall notify and consult with the producing party within a reasonable time prior to making such presentation. Because of the policy favoring public attendance at judicial proceedings, the parties are strongly encouraged to agree on procedures that will minimize the presentation of protected information in open court. The Court does not here determine which procedures, if any, might be suitable in particular situations. Absent a stipulation of all parties, the fact that information has been designated as "CONFIDENTIAL" shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.

## V. PROCEDURES AFTER TERMINATION OF THIS CASE

14. *Continuing jurisdiction of the Court.* This Order shall survive the final conclusion of the action, and this Court retains jurisdiction of the parties, and of any person who executes a copy of Exhibit A, as to any dispute regarding improper use or disclosure of material designated "CONFIDENTIAL" pursuant to this Order.

15. *Return and destruction of documents.* The following procedures shall govern the return and destruction of documents upon completion of this action:

(a)     Except as set forth below, within 60 days of final termination of this action, the attorneys of record for each receiving party shall return to each producing party or its attorneys of record all documents (and copies thereof) designated "CONFIDENTIAL" by that producing party.  The attorneys of record for each receiving party shall ensure that any copies of CONFIDENTIAL documents which they shared with their own clients are also returned.  With the written consent of the producing party, such documents may be destroyed in lieu of being returned.

(b)     Notwithstanding subparagraph (a), the attorneys of record for a receiving party may retain copies of documents containing Confidential Information that have been submitted to the Court as part of a filing, for trial, or as an exhibit at a hearing provided that such copies are not used or disclosed, except (i) as permitted by this order, (ii) by agreement of the producing party in question, or (iii) by further order of this Court. The retained copies may be in hard-copy, electronic, magnetic, optical-disk, or other form, or any combination thereof.

**IT IS SO ORDERED.**

Dated this 11TH day of JUNE, 2015.

Honorable ~~James D. Peterson~~ STEPHEN L. CROCKER
U.S. District Court
Western District of Wisconsin

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PHILIP CHARVAT and KEN JOHANSEN, )
individually and on behalf of a class of all )
persons and entities similarly situated, )
)
      Plaintiffs, )
)
vs. )   Case No. 15-CV-43
)
NATIONAL GUARDIAN LIFE )
INSURANCE COMPANY, )
)
      Defendant. )
)

### UNDERTAKING PURSUANT TO STIPULATED PROTECTIVE ORDER

1. I, _____, declare that the following information is true:

   (a) Name: _____

   (b) Address: _____

   (c) Employer name and address: _____

_____

   (d) Title: _____

   (e) Occupation/job description: _____

   (f) Other work, if any (e.g., consulting): _____

   (g) Past or present relationship to plaintiff(s) or defendant(s), if any:

_____

2. I have received a copy of the Stipulated Protective Order (the "Protective Order") in this action.

3. I have carefully read and understand the provisions of the Protective Order. I agree to be bound by it, and specifically agree I will not use or disclose to anyone in a manner that violates the Protective Order any of the contents of any Confidential Information (as that term is defined in the Protective Order) that I receive under the restrictions of the Protective Order.

4. I understand that I am to retain all copies of any of the materials that I receive that have been designated as confidential in a container, cabinet, drawer, room or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. Upon completion of this action, I will return all documents and things containing Confidential Information that come into my possession, and anything that I have prepared relating to such documents and things, to counsel for the party by whom I am retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Protective Order and understand that this Court retains jurisdiction over this matter as to any dispute regarding improper use or disclosure of material designated "CONFIDENTIAL" pursuant to the Protective Order.

EXECUTED UNDER PENALTY OF PERJURY on _____, 20\_\_, at _____ in the State of _____.

_____
(SIGNATURE)

2

4821-0225-1812.