IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILIP CHARVAT and KEN JOHANSEN,

Plaintiffs,

v.

NATIONAL GUARDIAN LIFE
INSURANCE COMPANY,
PRESERVING DIGNITY, and
REID LOCKHART,

Defendants.

OPINION & ORDER

15-cv-43-jdp

---

Plaintiffs Philip Charvat and Ken Johansen sued defendants National Guardian Life Insurance Company, Preserving Dignity, and Reid Lockhart on behalf of a class, alleging violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Plaintiffs alleged that Preserving Dignity and Reid Lockhart called them and many others on behalf of National Guardian with prerecorded messages, despite the fact that plaintiffs were on the national do-not-call registry. The parties went through mediation and now propose a class action settlement. They ask the court to certify a proposed class, appoint class representatives and counsel, preliminarily approve the settlement, approve notice, appoint a settlement administrator, and schedule a final fairness hearing.

BACKGROUND

Plaintiffs have alleged that although they both added their phone numbers to the national do-not-call registry, defendants called them with prerecorded solicitation messages. They accuse defendants of also calling 37,976 other phone numbers with the same messages.

Their first amended complaint seeks both injunctive relief and damages for violations of the TCPA's Do-Not-Call provisions and of its prohibition against prerecorded calls.

The parties engaged in mediation and agreed to a proposed settlement that includes a fund of $1,500,000 for the class. The total amount would provide $10,000 in compensation for each proposed class representative and cover attorney fees and costs.

The court has jurisdiction over the federal claims under 28 U.S.C. § 1331.


ANALYSIS

The parties seek class certification, class representative and class counsel appointment, preliminarily approval of the settlement, approval of notice, appointment of a settlement administrator, and a date for a final fairness hearing.

## A. Class certification

Plaintiffs ask the court to certify the following class:

> All persons in the United States who, within four years prior to the filing of this action through the date of preliminary approval, Reid Lockhart, or any party on his behalf, called for the purposes of promoting National Guardian's goods or services, either (a) on a residential or cellular telephone using a pre-recorded message or (b) more than once within any twelve-month period to phone numbers registered on the Do Not Call Registry, which are evidenced in the Class List.

Dkt. 49, at 4. To be certified, Rule 23(a) requires that a class satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation. The class must also satisfy one subsection of Rule 23(b). In this case, although plaintiffs seek both damages and injunctive relief, Rule 23(b)(3) applies; it requires a showing that the common issues predominate other issues, and that the class action method provides the best way to resolve those issues. *See Jefferson v. Ingersoll Int'l Inc.*, 195 F.3d 894, 898 (7th Cir. 1999) ("When

2

substantial damages have been sought, the most appropriate approach is that of Rule 23(b)(3), because it allows notice and an opportunity to opt out."). In a settlement context, the court rigorously examines whether the class meets the requirements, to mitigate the lack of an adversarial relationship between the parties and to identify potential conflicts of interest. *See Redman v. RadioShack Corp.*, 768 F.3d 622, 629 (7th Cir. 2014). Accordingly, plaintiffs must go beyond their pleadings and use evidentiary proof to satisfy Rule 23. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013). Because they do so, the court will certify the proposed class.

### 1. Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder is impracticable. There is no explicit cut-off, but the Seventh Circuit has found classes of forty members to be sufficient. *See Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969). In this case, plaintiffs allege that defendants called 37,976 unique phone numbers, some more than once. It would be insurmountably impracticable to join that many plaintiffs absent a class action. Accordingly, this requirement is satisfied.

### 2. Commonality

Rule 23(b)(2) requires "questions of law or fact that are common to the class." But the more apt analysis is whether there are common answers to those questions. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Here, the class members all have a question of fact in common: whether they received an unsolicited, prerecorded marketing call from defendants. There are some differences within the class. Specifically, class members' experiences may vary, depending on how many calls they received and whether they are on the do-not-call registry. But under both subsections of the class definition, the same questions

of law apply: whether the calls violate the TCPA and, if so, where liability falls. The potential recovery for each type of violation is the same. And most importantly, the answers to these questions would clearly and efficiently resolve class members' issues without individualized determinations, the class satisfies the commonality requirement.

### 3. Typicality

Typicality is satisfied if the class representatives' claims have "the same essential characteristics" as the class members' claims. *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (citation omitted). Both plaintiffs members of the class. They received the same kinds of calls as the class, and their claims are the same as rest of the class. Accordingly, they have satisfied this requirement.

### 4. Adequacy of representation

The question of adequate class representation involves two inquiries: (1) whether the class representatives' interests are aligned with those of the class; and (2) whether class counsel is capable of litigating the case. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011), *as modified*, (Sept. 22, 2011).

Charvat and Johansen do not appear to have any conflicts with the rest of the class. Their interests as class members appear aligned with the rest of the class. The only difference is that the proposed settlement agreement provides that they will receive $10,000 from the fund as compensation for serving as class representatives. Although that amount seems large compared to what other class members might expect to receive and compared to their actual damages, it does not appear to present any conflict. It also compares favorably to the average amount of incentive compensation. *See Spicer v. Chi. Bd. Options Exch., Inc.*, 844 F. Supp. 1226, 1267-68 (N.D. Ill. 1993) (collecting cases granting various incentive compensation

4

awards); Theodore Eisenberg & Geoffrey P. Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study*, 53 UCLA L. Rev. 1303 (2006). Accordingly, they are adequate class representatives.

Plaintiffs contend that Alexander Burke and Dan Marovitch of Burke Law Offices, LLC, Edward Broderick and Anthony Paronich of Broderick Law, P.C., and Matthew McCue of The Law Office of Matthew P. McCue are capable of litigating the case. Plaintiffs ask that they be appointed as class counsel under Rule 23(g). The court must consider the amount of work that counsel has done in this case so far, experience in similar matters, knowledge of the law, and the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). Before mediation, the parties investigated the claims asserted in this case, and they engaged in some discovery and motion practice. They refer the court to affidavits detailing the attorneys' levels of experience in the area, and indicating knowledge of this area of the law. They promise to commit resources necessary to adequately represent the class going forward. Alexander Burke, Dan Marovitch, Edward Broderick, Anthony Paronich, and Matthew McCue have satisfied the Rule 23 requirements and will be appointed class counsel.

### 5. Rule 23(b)(3)

Plaintiffs and the class that they represent seek both monetary damages and an injunction. But the parties agree to use Rule 23(b)(3) for class certification, despite the requested equitable relief. *See Lemon v. Int'l Union of Operating Eng'rs, Local No. 139*, 216 F.3d 577, 581 (7th Cir. 2000) (providing three options for cases involving both forms of relief, including certification under Rule 23(b)(3)). Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly

and efficiently adjudicating the controversy." To determine whether that is the case, courts consider the class members' interests in individually controlling their own claims, the nature and extent of any other litigation about the controversy, the desirability of concentrating the litigation here, and any management challenges that the case may present. *Id.*

Although class members have an interest in individually controlling their claims, they also have an interest in the efficient resolution of their claims, which the class action and proposed settlement provide. Individually litigating each class member's claims would be expensive, time consuming, and redundant, especially considering the very similar nature and small size of each member's claim. There is no indication that any of the class members have other litigation relating to the issues in this case. Consolidating the many small claims into one class action is efficient and far superior to separately litigating the claims of several thousand class members. Finally, this case presents no trial management difficulties because the parties have settled. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems."). To "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results," the court will certify the class. *Id.* at 615 (citing Fed. R. Civ. P. 23 Advisory Committee Notes).

**B.  Preliminary approval of settlement**

Plaintiffs and National Guardian seek preliminary approval of their settlement. The settlement provides for a $1,500,000 fund to cover the monetary awards to the class, the

administration of the fund itself, attorney fees and costs, and incentive compensation to the class representatives. Dkt. 49-1.

To preliminarily approve the settlement, the court considers the strength of plaintiffs' case compared to the settlement amount, the complexity, length and expense of the litigation, any opposition to settlement, the opinion of competent counsel, and the stage of the proceedings (including the amount of discovery completed) at the time of settlement. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006). Class actions can tend to give counsel on both sides an incentive to collude in settlement at the expense of class members. *Thorogood v. Sears, Roebuck & Co.*, 627 F.3d 289, 293-94 (7th Cir. 2010). Accordingly, the court examines the proposed settlement skeptically.

### 1. The strength of plaintiffs' case on the merits balanced against the amount offered in the settlement

The most important settlement-approval factor is "the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *Synfuel Techs.*, 463 F.3d at 653. The settlement provides $1,500,000. The parties have requested that costs come from the fund, as well as the expenses from administering the fund, which the parties have estimated will be $190,000. Dkt. 49, at 11. Costs and expenses will be excluded from the settlement amount for approval purposes. *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014), *cert. denied sub nom.*, *Nicaj v. Shoe Carnival, Inc.*, 135 S. Ct. 1429 (2015) ("[A]dministrative costs should not have been included in calculating the division of the spoils between class counsel and class members."). That brings the fund closer to $1,300,000 for weighing purposes. The parties have also requested that $500,000 of the fund be allocated as attorney fees. Finally, the parties ask that each class representative receive

$10,000 in incentive compensation. That leaves approximately half of the fund for potentially 37,976 class members. Counsel estimates that each class member will receive about $30. They base this estimate on their experience administering settlement funds, which suggests that some class members will not cash their checks, leaving a greater recovery for those who do. Dkt. 52, ¶ 12.

On the other side of the scale, the merits of plaintiffs' case appear quite strong. The TCPA prohibits intentional unsolicited calls to those on the national do-not-call registry or "using an automatic telephone dialing system or an artificial or prerecorded voice." 47 C.F.R. §§ 64.1200 (a)(1)(iii), (c)(2). If plaintiffs prevailed, the court could award up to $500 in statutory damages for each violation; they could potentially treble those damages if defendants' conduct was willful. 47 U.S.C. § 227(b)(3). However, victory at summary judgment or at trial is not guaranteed. If defendants show that some class members consented to the calls, or that some calls were unintentional, they may prevail. Most important, the $500 is a ceiling, and there is no guarantee that the court would award statutory damages in that amount. Additionally, if the case were to proceed, the manageability of the case would come back into question. *Cf. Amchem Prods., Inc.*, 521 U.S. at 620. Finally, the certainty of payment, the cost of ongoing litigation, and the time value of money favor settlement. *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985), *on reh'g sub nom.*, *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682 (7th Cir. 1986). The balance tips in favor of preliminarily approving the settlement.

### 2. Length, expense, and complexity of litigation

The litigation does not appear very complex and would not likely take very long. But it involves so many potential class members that it could become unwieldy and expensive to

8

manage. Settlement would spare all parties the delay and expense of protracted litigation. This factor favors preliminary approval.

### 3.  Opposition

The proposed settlement agreement provides for class member objections to the settlement and outlines stringent requirements for objecting. Dkt. 49-1, at 14. It also warns that failure to abide by the requirements waives objections and bars appeal of the settlement forever. *Id.* At this point, court consideration of this factor is premature because the members have not yet had the chance to voice their opposition.

### 4.  Opinion of counsel

In deciding whether to approve the settlement, the court is "entitled to give consideration to the opinion of competent counsel." *Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996). Counsel support the settlement. They also have experience in litigating similar cases to settlement. They represent that the settlement agreement is the result of arm's-length negotiation through mediation by a third-party. For the purpose of preliminarily approving the settlement, the court accepts counsel's opinion in favor of approval.

### 5.  Amount of discovery and stage in the proceedings

Plaintiffs filed their original complaint on January 21, 2015, and their amended complaint on June 19, 2015. Since then, they have engaged in discovery and successful mediation. On January 5, 2016, they moved for preliminary approval of the settlement. This progress represents significant time and resources and indicates that the parties have considered the merits and risks of litigating compared to settling. Accordingly, this factor weighs in favor of approval.

## C. Attorney fees and costs

Class counsel, Alexander Burke, Dan Marovitch, Edward Broderick, Anthony Paronich, and Matthew McCue seek their reasonable attorney fees and costs under Rule 23(h). They request $500,000 in attorney fees. To determine whether the attorney fee is reasonable, the court "must balance the competing goals of fairly compensating attorneys for their services rendered on behalf of the class and of protecting the interests of the class members in the fund." *Skelton v. Gen. Motors Corp.*, 860 F.2d 250, 258 (7th Cir. 1988). The aim is "to base the award on relevant market rates and the *ex ante* risk of nonpayment." *Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 635 (7th Cir. 2011). Plaintiffs and their counsel agreed to a 33 percent contingency fee, which they contend is consistent with the market rate. They estimated that the amount would be $500,000 of the $1,500,000 fund. But because the administrative costs are taken out of the calculation, the fund is closer to $1,300,000. *Redman*, 768 F.3d at 630. To award $500,000 from that amount would move the attorney fees from the market range of 33 percent up to 38 percent. The court will assess whether that amount is appropriate after the actual costs have been calculated, submitted, and deducted from the total amount of the fund.

## D. Class notice and settlement administration

The parties have moved for approval of their proposed notice to the class. Dkt. 49-1, at 36. They also ask that the court appoint Kurtzman Carson Consultants as settlement administrator.

Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances." It must plainly state the nature of the action, the definition of the certified class, the issues, the option for members to appear through an attorney, the option to be

excluded from the class, and the binding effect of judgment on participating class members. Fed. R. Civ. P. 23(c)(2)(B). The proposed notice includes this information and describes the process for objecting. The parties propose sending it on a postcard via U.S. Mail, directing members to a website with more information. Because the notice satisfies the Rule 23 requirements, the court will approve it.

Plaintiffs ask that the court appoint Kurtzman Carson Consultants as settlement administrator. The settlement agreement delineates the obligations of the administrator. Dkt. 49-1, at 15-16. Assuming that Kurtzman Carson Consultants are capable of administering the settlement within the parties' agreed budget of $190,000, the court will appoint it administrator.

## ORDER

IT IS ORDERED that:

1. The parties' joint motion for preliminary approval of class certification and settlement, Dkt. 49, is GRANTED.

2. Plaintiffs Philip Charvat and Ken Johansen's motion for class certification, Dkt. 35, is DENIED.

3. Alexander Burke, Dan Marovitch, Edward Broderick, Anthony Paronich, and Matthew McCue are appointed class counsel. Their fee application is due May 3, 2016.

4. Philip Charvat and Ken Johansen are appointed class representatives.

5. Kurtzman Carson Consultants is appointed settlement administrator. It is ordered to send notice to the class by May 10, 2016. It must also provide a deadline for class members to object or exclude themselves from the class by May 24, 2016.

6.  All papers in support of final settlement approval must be filed by July 14, 2016. The final fairness hearing is scheduled for July 28, 2016, at 1:00 p.m.

Entered April 20, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge