IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILIP CHARVAT and KEN JOHANSEN,

                Plaintiffs,

v.

NATIONAL GUARDIAN LIFE INSURANCE
COMPANY, PRESERVING DIGNITY, and
REID LOCKHART,

                Defendants.

ORDER

15-cv-43-jdp

---

Plaintiffs Philip Charvat and Ken Johansen represent a class alleging violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. They have moved for final approval of their proposed class action settlement with defendant National Guardian Life Insurance Company under Federal Rule of Civil Procedure 23(e). Dkt. 60. The court preliminarily approved the settlement on April 20, 2016, and ordered notice to the class. Dkt. 57. On July 28, 2016, the court held a final fairness hearing, at which the parties' counsel appeared.

**A. Settlement**

The parties agreed to a lump sum, non-reversionary common fund of $1,500,000 total. That amount includes $114,911.45 for administering the settlement. It also covers attorney fees, incentive compensation for the named representatives, and payment for the 37,975 class members. There is no claims procedure: each class member with a confirmed address will receive an initial payment of approximately $23.91. The ultimate recovery may be greater if class members do not cash their checks. None of the class members has objected to the settlement, and only two have opted out of it. The recovery represents a reasonable

compromise of full recovery in light of the chance of recovery. Based on the fairness hearing and the parties' submissions, the court concludes that the settlement is fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e). The incentive compensation to the two named representatives is within the range of compensation provided in similar cases; the court finds that it is reasonable.

B. Attorney fees

Class counsel seeks $476,806, which represents $461,696.18 in attorney fees and $15,109.82 in out-of-pocket expenses. *See* Dkt. 58; Dkt. 67; Dkt. 68; Dkt. 69. The amount available to the class, after subtracting administrative costs of $114,911.45 and the expenses of counsel is $1,369,978.73. Thus, counsel seeks fees equal to 33.7 percent of the total recovery less expenses. *See Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014), *cert. denied sub nom.*, *Nicaj v. Shoe Carnival, Inc.*, 135 S. Ct. 1429 (2015) ("The ratio that is relevant to assessing the reasonableness of the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received.").

Because there is no adverse party with an incentive to challenge the requested fees, the court has the duty to ensure that the fees paid to class counsel are appropriate. *Id.* at 629. The compensation to class counsel should approximate the market value of their work. *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). Generally speaking, for plaintiff-side class action work, that will be a percentage of the class recovery rather than a lodestar calculation based on the work expended on the case. But the lodestar calculation provides a useful check on percentage recovery, because it reflects an important consideration on the supply side of the market for attorneys taking contingent fee cases. The lodestar itself is not

2

decisive, because it does not reflect the risk premium to which counsel are entitled when they take a case with an uncertain promise of recovery.

*In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781 (N.D. Ill. 2015) compiles useful information about fees in TCPA class action litigation. The court will use some of the conclusions in that case as a starting point. According to the court's analysis of 72 TCPA class actions, for cases in which the recovery was between $1.1 and $1.6 million, the mean fee award was 29.4 percent and the median was 33.3 percent. *Id.* at 796-800. In considering the much larger settlement fund at issue in that case, the court concluded that the market rate for TCPA litigation of average risk was 30 percent of the first $10 million of recovery, decreasing as the size of the recovery increased. *Id.* at 804. The court further determined that that case there was somewhat more risky than the average TCPA case, so it awarded a risk premium of an additional 6 percent on the first $10 million of recovery. *Id.* at 807. Plaintiffs here provide no better data on the market for TCPA class action representation, so the court here will embrace the approach from *In re Capital One.* The court concludes that the market rate for a TCPA class action suit of average risk with a recovery of approximately $1.3 million is 30 percent.

Plaintiffs' counsel contend that this case was riskier than average, although their presentation on this point is not compelling. Many of the risk factors that they identify are common components of TCPA class action litigation, such as the risk that the class will not be certified because individual consent issues predominate. The risk premium for ordinary TCPA litigation is already accounted for in the 30 percent rate from *In re Capital One*.

Plaintiffs counsel's only real argument that this case is riskier than the average TCPA class action is that they knew early on that the calls at issue were probably made by someone

3

other than National Guardian Life. The court is not persuaded that it is unique or even unusual that the offending calls were made by a contractor or agent of the defendant. In support of their risk argument, plaintiffs' counsel argue that they had to undertake significant discovery get the records of the offending calls, but this goes to the effort required, not to the risk of success anticipated at the outset of the case.

As for the effort involved, counsel report spending 415.4 hours on the case. (The Paronich declaration, Dkt. 67, reports the total hours as 514.4, but the individual numbers add up to 415.4.) The four attorneys report hourly rates ranging from $450 to $700. At their standard rates their fees would be $233,330. The amount requested by plaintiffs, $461,696.81, is twice their fees at hourly rates, which would provide a risk multiplier of 2.0. The risk multiplier for an award of 30 percent would be 1.78. The court is using the lodestar here only to confirm that even at 30 percent, plaintiffs' counsel is indeed receiving an appropriate premium for the risk of undertaking a case in which recovery is uncertain.

The bottom line is that the court is not persuaded that this case posed more risk than an average TCPA case. Based on the data compiled in *In re Capital One*, the court concludes that an award of 30 percent of the recovery, after administrative and out-of-pocket expenses, is appropriate because it reflects the market value for a TCPA class action of this size. The court will award $410,993.78 in attorney fees and $15,109.82 in out-of-pocket expenses.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion, Dkt. 60, for final approval of the settlement agreement is GRANTED;

4

2. The parties are directed to carry out their obligations under the Settlement Agreement, Dkt. 49-1, and they are bound by its terms.

3. This order constitutes the Final Approval Order contemplated in the Settlement Agreement and the clerk is directed to enter judgment accordingly.

4. The incentive payments of $10,000 to each of the class representatives, Philip Charvat and Ken Johansen, are APPROVED.

5. Class counsel's motion for attorney fees and costs, Dkt. 58, is GRANTED in part: counsel is awarded $410,993.78 in attorney fees and $15,109.82 in out-of-pocket expenses.

6. Settlement payments to class members, as provided in the Settlement Agreement, are APPROVED.

7. This case is DISMISSED on the merits with prejudice. The clerk of court is directed to close this case subject to reopening upon good cause shown.

Entered August 3, 2016.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge